IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

POWHATAN COUNTY SCHOOL BOARD

           **Plaintiff,**

v.                                          Civil Action No. 3:24-cv-874

TODD SKINGER

and

KANDISE LUCAS

           **Defendants.**

## COMPLAINT

Plaintiff Powhatan County School Board ("Plaintiff" or "PCSB") hereby submits its Complaint and Request for Emergency Injunctive Relief, and in support thereof states as follows:

## INTRODUCTION

1. This action is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., and its federal and state implementing regulations, 34 C.F.R. Part 300; 8 VAC 20-81-10 et seq., (collectively the "IDEA").

2. This matter arises from a series of ten (10) administrative due process complaints filed pursuant to the IDEA by Kandise Lucas ("Lucas"), a special education advocate, on behalf of Todd Skinger ("Skinger") regarding Skinger's minor child, H.S. These ten due process complaints all allege the same operative facts and seek substantially the same relief.

1

3. In all nine of the previously-adjudicated due process proceedings that Lucas and Skinger initiated, they lost. Each time they filed a complaint, an IDEA hearing officer ruled against them and in favor of the school division.

4. After each proceeding, the party who did not prevail has a right to appeal. Lucas and Skinger did not appeal any of the decisions ruling against them. Instead, they continued to file substantially similar due process requests over and over again, evidencing a clear pattern of initiating vexatious and repetitive litigation. And when they did so, they continued to lose. Subsequent hearing officers found that most of their repetitive claims were barred by the doctrines of collateral estoppel and / or *res judicata*[1] or otherwise failed to raise issues that an IDEA hearing officer had authority to address. Neither Lucas nor Skinger was the prevailing party in any of the nine due process complaints they filed concerning H.S. And now, they have recently filed a tenth due process complaint concerning the same parties and same set of facts.

5. Lucas and Skinger have therefore engaged in a clear practice of vexatious and harassing conduct, as evidenced by their filing of multiple duplicative and meritless due process complaints, each of which required PCSB to incur legal fees and otherwise commit non-monetary resources such as teacher and administrator time to respond to and defend these baseless and repetitive claims.

6. As a result of this behavior, PCSB now seeks not only to recover the legal fees it has expended in responding to these meritless due process complaints, but also to put a stop to any

---

[1] In general, the doctrines of collateral estoppel and *res judicata* prevent parties from re-litigating issues that were or could have been decided in a prior case. While similar, the "important distinction between *res judicata* and collateral estoped is that '*res judicata* forecloses all issues that could have been litigated previously' while 'collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit.'" *In re Sparrow*, 306 B.R. 812, 824-25 Bankr. E.D. Va. 2003).

additional vexatious due process requests Lucas may file on behalf of Skinger or other families in Powhatan County.

7. Finally, and most importantly, since engaging with Lucas, Skinger's minor child H.S. has not attended school since on or about February 5, 2024. This is the second family before this Court who, since working with Lucas, has withheld their child from school attendance for an extended period of time. *See generally, PCSB v. Halvorsen, et al.*, Case No. 3:24cv216.

## PARTIES

8. Plaintiff Powhatan County School Board is a political subdivision of the Commonwealth of Virginia existing pursuant to the Constitution and statutes of Virginia. The School Board is vested with the authority to supervise the public schools within Powhatan County. Va. Const., Art. VIII, § 7; Va. Code § 22.1-71; *see generally* Title 22.1 of the Code of Virginia.

9. Defendant Todd Skinger is a natural person and resident of Powhatan County, Virginia whose minor child, H.S., has been identified as a student with a disability under the IDEA.

10. Defendant Kandise Lucas is a natural person and resident of Prince George County, Virginia who purports to act as a lay advocate on behalf of children with educational disabilities and their parents. She regularly and systematically conducts affairs or business activity in Powhatan County.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction pursuant to the provisions of 20 U.S.C. § 1415(i)(3)(A); (i)(3)(B)(i)(II); and (i)(3)(B)(i)(III).

12. Venue in this Court is proper because the events giving rise to this Complaint occurred in Powhatan County, and Powhatan County lies within the geographic areas encompassed within the Eastern District of Virginia, Richmond Division.

## STATEMENT OF FACTS

13. Lucas and Skinger have filed a total of ten IDEA due process complaints since April 8, 2024.

14. Moreover, since working with Lucas, Skinger's minor child H.S. has not attended school since approximately February 5, 20224.

15. Each and every time Lucas and Skinger file an IDEA due process complaint, that initiates a legal process, much like the filing of a complaint in court. Each time a complaint is filed, PCSB must prepare a response, hire counsel, and participate in the pre-hearing process and / or participate in an actual due process hearing.

16. Specifically, Lucas and Skinger filed IDEA due process complaints on the following dates:

    (i)    April 8, 2024

    (ii)    May 3, 2024 (amended complaint)

    (iii)    May 10, 2024

    (iv)    May 16, 2024

    (v)    May 22, 2024

    (vi)    August 5, 2024

    (vii)    August 8, 2024

    (viii)    September 17, 2024

    (ix)    October 7, 2024

    (x)    December 2, 2024

17. Hearing Officer Ternon Galloway Lee ("Hearing Officer Lee") was assigned to adjudicate the complaints filed on April 8, May 3, May 10, and May 16.

18. On PCSB's Motion, the complaints filed on April 8, May 3, May 10, and May 16, were consolidated because Hearing Officer Lee found that the complaints "involved the same parties, the issues arise out of the same operative facts, and the witnesses are the same."

19. A hearing on these complaints was held from June 18 through June 21, 2024.

20. On July 17, 2024, Hearing Officer Lee rendered a decision in favor of PCSB on all issues and dismissed four complaints that were pending at that time.[2] *See* Exhibit 1.

21. Lucas and Skinger have not appealed the July 17, 2024 decision of Hearing Officer Lee.

22. Hearing Officer Prescott Prince ("Hearing Officer Prince") was assigned to adjudicate the complaint filed on May 22, 2024.

23. On June 10, 2024, Hearing Officer Prince dismissed the May 22, 2024 complaint when he granted PCSB's motion to dismiss, finding that the fifth complaint contained issues that "may not be identical" to the issues that were already pending before Hearing Officer Lee, they were "intrinsically related to said issues." *See* Exhibit 2, at p. 5.

24. On August 5, 2024 and August 8, 2024, Lucas and Skinger filed two additional due process complaints based on the same set of operative facts in existence when the first five due process complaints were filed.

25. Hearing Officer Carl Schmidt ("Hearing Officer Schmidt") was assigned to adjudicate the complaints filed on August 5, 2024 and August 8, 2024.

26. On September 8, 2024, Hearing Officer Schmidt issued a decision on PCSB's motion to dismiss the August 5, 2024 due process complaint. In that decision, Hearing Officer Schmidt dismissed the due process complaint with prejudice, noting that "[t]his is the sixth request

---

[2] This decision was amended on July 31, 2024 to correct clerical mistakes.

5

for due process arising from the same nucleus of facts involving the same parties." *See* Exhibit 3, at p. 1. Ultimately, Hearing Officer Schmidt held that "[e]ach of the 22 issues listed is barred by res judicata." *Id*. at p. 9.

27. Also on September 8, 2024, Hearing Officer Schmidt issued a decision on the August 8, 2024 due process complaint. In that decision, Hearing Officer Schmidt dismissed the August 8, 2024 due process complaint with prejudice, finding yet again that the "doctrine of res judicata bars all of the Parent's allegations" and determining that these "issues were either litigated or could have been addressed in the five due process hearing requests filed by the Complainant between April 8, 2024 and May 22, 2024." *See* Exhibit 4, at p. 9.

28. Lucas and Skinger did not appeal either of Hearing Officer Schmidt's September 8, 2024 decisions.

29. On September 17, 2024,[3] Lucas and Skinger filed another due process complaint based on the same set of operative facts in existence when the preceding *seven* due process complaints had been filed.

30. Hearing Officer Lee was assigned to adjudicate the due process complaint filed on September 17, 2024.

31. On October 1, 2024, Hearing Officer Lee issued a decision on the September 17, 2024 due process complaint. In that decision, Hearing Officer Lee determined that 12 of the issues were barred by res judicata and / or collateral estoppel; that she did not have jurisdiction over four issues; that the Parent had insufficiently pled one issue; and that one issue would be dismissed

---

[3] Powhatan County reported receiving the due process complaint on September 16, 2024. The Virginia Department of Education reported receiving it on September 17, 2024. Per the hearing officer's decision on this complaint, the operative filing date is the later of the two dates: September 17, 2024. Accordingly, the September 17, 2024 date is used in this Complaint.

with prejudice as to Powhatan because it only pertained to the Virginia Department of Education. As for the issue that Hearing Officer Lee determined was insufficiently pled, the parent was given leave to file an amended complaint. *See* Exhibit 5.

32. Lucas and Skinger did not file an amended complaint, and on October 9, 2024, Hearing Officer Lee dismissed the remaining issue. *See* Exhibit 6.

33. Instead, on October 7, 2024, Lucas and Skinger filed another due process complaint based on the same set of operative facts in existence when the preceding eight complaints were filed.

34. Hearing Officer Tiziana Ventimiglia ("Hearing Officer Ventimiglia") was assigned to adjudicate the due process complaint filed on October 7, 2024.

35. On October 23, 2024, Hearing Officer Ventimiglia issued a ruling on the School Board's Notice of Insufficiency finding that, of the 19 issues raised in the October 7, 2024 due process complaint, all but two were insufficient as a matter of law. Accordingly, Hearing Officer Ventimiglia found the complaint to be insufficient as a matter of law, and granted leave for Skinger and Lucas to file an amended request for a due process hearing.

36. Skinger and Lucas filed no amended request.

37. Accordingly, on October 31, 2024, Hearing Officer Ventimiglia dismissed the October 7, 2024 complaint with prejudice based on her finding that the remaining two issues that had been sufficiently pled were barred by the doctrines of res judicata and collateral estoppel. Specifically, Hearing Officer Ventimiglia held that "[i]n the case at hand, the Petitioner does not claim the Student's circumstances have changed, and the allegations of [the remaining two issues] revolve around the same facts and circumstances at the basis of the July 17, 2024 decision rendered by Hearing Officer Lee." *See* Exhibit 7, at p. 4.

38. Lucas and Skinger have not appealed the October 31, 2024 decision of Hearing Officer Ventimiglia.

39. Instead, on December 2, 2024, they have filed yet another due process complaint, this time requesting an expedited hearing, alleging facts that are based on the same allegations raised in the nine previous due process complaints.

## COUNT I

## PRE-FILING INJUNCTION

40. Plaintiff realleges and incorporates by reference Paragraphs 1 – 37 as if fully set forth herein.

41. Lucas and Skinger filed a total of nine due process complaints concerning the same set of operative facts and / or facts that were so intrinsically related, that they should have been raised in a single due process complaint.

42. Lucas and Skinger have now initiated a tenth request for due process hearing on the same set of operative facts. The filing of the tenth complaint, which raises many of the same issues that were or could have been adjudicated in the previous nine due process complaints, evidences a pattern of vexatious, unreasonable, and repetitive litigation of the same dispute that was raised in the first nine due process complaints.

43. Lucas and Skinger have no good faith basis upon which to pursue these duplicative and repetitive requests for due process hearing.

44. Lucas and Skinger have evidenced an intent to harass Plaintiff and other state and local officials through the filing of repetitive, duplicative requests for due process hearings. This intent is further exemplified in the exaggerated and inflammatory language used within the tenth complaint, as well as in communications to Plaintiff, Plaintiff's Counsel, and others concerning

both the allegations at issue in this case and in other similar cases involving the IDEA. For example, in the tenth due process complaint, Lucas and Skinger falsely accuse PCSB of falsifying student records, retaliation, discrimination, filing false criminal charges, violations of the False Claims Act, and a "conspired terrorist act."

45. The behavior of Lucas and Skinger has resulted in an extensive burden upon PCSB, requiring the use of its limited financial and non-financial resources.[4]

46. The behavior of Lucas and Skinger has resulted in an extensive burden upon state-supported agencies that provide, train, and assign hearing officers for due process complaints like the ones submitted by Lucas and Skinger.

47. Additionally, the behavior of Lucas in particular has resulted in yet another Powhatan County student remaining out of school for an extended period of time.

48. Lucas's "advocacy" continues to harm children and families both in Powhatan and in other jurisdictions, prompting one IDEA hearing officer to conclude in an opinion that Lucas "presents the greatest hurdle impeding productive collaboration between persons and entities involved in service delivery to the Student." The hearing officer noted testimony indicating Lucas interrupted meetings and leveled accusations, and found that the "described behavior is consistent with what transpired in the last hearing and in this hearing." The hearing officer found that the advocate's behavior "is not without precedent" and cited this Court's finding in *Henrico Cnty. Sch.*

---

[4] Not only is the behavior of Lucas and Skinger affecting PCSB, it is also concerning to PCSB that Skinger's child is yet another PCSB student whose family has chosen to both work with Lucas, and then refused to send their child to school for an extended period of time. *See generally PCSB v. Halvorsen, et al.*, Case No. 3:24cv216, noting that the child in that case had been absent from school for three years following the family's involvement with Lucas. Todd Skinger's child has been absent from school since on or around February 5, 2024. Additionally, no fewer than five administrative hearing officers have now been required to devote time and resources to adjudicating these repetitive due process requests.

*Bd. v. Matthews*, 2019 U.S. Dist. LEXIS 17135 (E.D. Va. Oct. 2, 2019) in which the Court found Lucas's conduct had been "vexatious" and – in the words of the hearing officer – "lamented the fact that Virginia permits lay advocates to represent parents in due process hearings with no regulatory control over their licensing, qualifications, and discipline." The hearing officer "share[d] that court's frustrations without enjoying its authority to impose meaningful sanctions." *C.G. v. Goochland County Public Schools*, VDOE Case Nos. 24-107; 24-122. In that case, the hearing officer found that Lucas had filed four due process complaints, but that the "documents in their entirety are substantially the same. Page after page of the four due process complaints are identical." *Id*.

49. Lucas's tactics are affecting school employees and the lives of children and families both within Powhatan and elsewhere.

50. There is no adequate alternative that would stop the vexatious and repetitive filing of meritless complaints.

## COUNT II

### ATTORNEYS' FEES

51. Plaintiff realleges and incorporates by reference Paragraphs 1 – 48 as if fully set forth herein.

52. To date, PCSB has incurred approximately $142,792 in legal fees responding to and defending itself from Defendants' nine previously-filed due process complaints.

53. PCSB has prevailed on all issues and in all respects in those nine due process complaints.

54. Lucas and Skinger have now filed a tenth due process complaint which raises many of the same issues adjudicated in their nine previous due process complaints; raises issues that

could have been addressed in those nine previous complaints; and / or raises issues that are not cognizable in the context of an IDEA due process hearing and are therefore frivolous.

55. Pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II)&(III).PCSB is entitled to its reasonable attorneys' fees in this matter for the cost of defense for the complaints initiated by Lucas and Skinger that are frivolous, unreasonable, or without foundation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Powhatan County School Board respectfully request this Court:

(a) Enter a pre-filing injunction against Lucas barring her from pursuing any further due process hearings concerning any Powhatan County student without first obtaining leave of this Court;

(b) In the alternative, enter a pre-filing injunction against Lucas barring her from pursuing any further due process hearings concerning H.S. without first obtaining leave of this Court;

(c) Enter an injunction staying the currently pending tenth due process hearing request pending further order of this Court;

(d) Award PCSB its attorneys' fees for all frivolous, unreasonable, and without foundation due process matters initiated by Defendants up to the amount of $142,792;

(e) Award PCSB its attorneys' fees in this matter;

(f) Enter an order granting judgment in its favor, and against Defendants, based on (a) – (e); and,

(g) Grant the School Board all other relief as the Court may deem appropriate.

11

December 6, 2024

                                     **POWHATAN COUNTY SCHOOL BOARD**

                                     /s/ *Laura Maughan*
                                     Matthew D. Green (VSB No. 46913)
                                     Laura Maughan (VSB No. 87798)
                                     **Sands Anderson PC**
                                     919 East Main Street, Suite 2300 (23219)
                                     P.O. Box 1998
                                     Richmond, VA  23218-1998
                                     Telephone: (804) 648-1636
                                     Facsimile: (804) 783-7291
                                     mgreen@sandsanderson.com
                                     lmaughan@sandsanderson.com
                                     *Counsel for Powhatan County School Board*