IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

POWHATAN COUNTY SCHOOL BOARD,

    Plaintiff,

v.                                  Civil Action No. 3:24-cv-874

TODD SKINGER AND
KANDISE LUCAS,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Defendant Kandise Lucas' ("Lucas") MOTION TO ORDER THE PRODUCTION OF FEDERAL HEARING TRANSCRIPTS AT PUBLIC EXPENSE UNDER IDEA, FERPA, AND PPRA, ECF No. 149 ("the MOTION"). The Plaintiff Powhatan County School Board ("PCSB") submitted no response. Having considered the MOTION and the arguments therein, for the following reasons, the MOTION will be DENIED.

### I. FACTUAL AND IDEA PROCEDURAL BACKGROUND

The case arises under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("the IDEA"). The IDEA requires that public schools accommodate certain students with disabilities in particular ways. This is done through the development of an Individualized Education Plan ("IEP") after input from the school and parents. 20 U.S.C. § 1414(d). Any parent dissatisfied with an IEP can seek to have an administrative hearing officer review the IEP, and the complaints thereto, at an

administrative hearing. These hearings are commonly referred to as a "due process hearing." The party that does not prevail at the due process hearing may appeal the decision to either the state educational agency or state or federal court. 20 U.S.C. § 1415(g), (i)(1)-(2).

The IDEA provides parties to the due process hearings with certain procedural "safeguards." One of those safeguards is the "right to a written, or, at the option of the parents, electronic verbatim record," at public expense, of the proceedings at IDEA hearings, namely those hearings "conducted pursuant to subsection (f) or (k), or an appeal conducted pursuant to subsection (g)." Id. § 1415(h)(3). In other words, the IDEA guarantees parents free written and electronic transcripts of any IDEA due process hearing involving their child.

The Defendants Todd Skinger ("Skinger") and Lucas (who served as an IDEA Special Advocate in the due process hearings involved in this case) filed several Due Process Hearing Requests ("DPH Requests") against the Plaintiff Powhatan County School Board ("PCSB"). At least ten (10) of those DPH Requests resulted in hearings in front of IDEA administrative hearing officers. The record reflects that Skinger lost at all ten of those hearings. No adverse decision was appealed.

PCSB filed the COMPLAINT, ECF No. 1, in this action after the first ten DPH Requests were resolved in its favor. It sought fees

2

for the costs and attorney's fees thus far expended by PCSB to adjudicate those administrative complaints. PCSB also sought a permanent injunction against the Defendants from filing additional DPH Requests. Id.

That COMPLAINT drew responses from the Defendants, including an ANSWER and MOTION TO DISMISS. ECF No. 7. The Court has not yet ruled on the merits of the claims in the COMPLAINT.

Aside from the first ten DPH Requests, and in the interim, before the Court could make a decision on the merits of the action, the Defendants filed an additional eight (8), for a total of eighteen (18), DPH Requests against PCSB. Two of those DPH Requests (numbers 11 and 12) remain pending at the administrative level.

After the Defendants filed DPH Requests 13 through 17, PCSB filed its EMERGENCY MOTION FOR PRELIMINARY INJUNCTION ("the EMERGENCY MOTION"), asking the Court to preliminarily enjoin the processing of these DPH Requests at the administrative level. ECF No. 14. The Defendants opposed that motion. ECF No. 22.

Shortly thereafter, the Court held an Evidentiary Hearing on the merits of the EMERGENCY MOTION. That Hearing ended up consisting of three sessions with a Hearing on each of April 2, April 9, and April 10, 2025.[1] After the final session of the Evidentiary Hearing concluded, the Court issued a MEMORANDUM ORDER

---

[1] DPH Request No. 18 in the morning of April 2, 2025, before the first session of the Evidentiary Hearing began.

3

that temporarily stayed the administrative proceedings for DPH Requests 13 through 18 until the Court ruled on the EMERGENCY MOTION. ECF No. 104. The Court also ORDERED a final round of briefing on the merits of the EMERGENCY MOTION. ECF No. 106.

On May 5, 2025, Lucas filed the present MOTION, which came before the submission of all of the supplemental briefing on the EMERGENCY MOTION was to be finalized. The MOTION requests that the Court provide the Defendants free (at public expense, that is) transcripts pursuant to the IDEA, 20 U.S.C. § 1415(h)(3). That MOTION, however, does not request that the Court provide any transcripts of the administrative hearings already held on the DPH Requests Nos. 1-10, or for the pending Requests No. 11-12. Instead, it requests that the Court provide free electronic transcripts of the sessions of the Evidentiary Hearing held before the Court on April 2, 9, and 10 pursuant to 20 U.S.C. § 1415(h)(3).[2]

## II. DISCUSSION

Lucas contends that the Evidentiary Hearing "addressed issues directly impacting the educational rights of a child with a

---

[2] Lucas also contends that 20 U.S.C. § 1232g and 20 U.S.C. § 1232h require the Court to provide free transcripts of the Evidentiary Hearing to the Defendants. However, unlike her argument on the IDEA for which she provides minimal, but some, argument on, her contentions for these two statutory provisions are completely conclusory with no reasoning. After reviewing the statutes, the Court does not find any basis for their application here. Therefore, without authority or argument to the contrary, the Court holds that they are inapplicable and will only consider Lucas' argument based on the IDEA.

disability under the IDEA." ECF No. 149, at 2. That statement is correct in so far as the present action itself, and the hearing sessions on the EMERGENCY MOTION, pertain to the Student H.S. in this case. From this starting point, Lucas contends that the IDEA, 20 U.S.C. § 1415(h)(3), and relevant regulations thereto, 34 C.F.R. § 300.512(a)(4), provides parents with the right to "receive electronic copies of hearing transcripts at public expense as part of due process safeguards." ECF No. 149, at 2. She cites out-of-circuit caselaw to support her position. Specifically, Shapiro v. Paradise Valley Unified Sch. Dist., which she argues stands for the proposition that "the cost of transcripts may not be used as a barrier to the rights of parents under IDEA." Id. (referencing Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 317 F.3d 1072 (9th Cir. 2003)). Lastly, she cites the Supreme Court's decision in Honig v. Doe, 484 U.S. 305 (1988), as having "affirmed the importance of removing administrative barriers in the enforcement of special education protections" ECF No. 149, at 2. The rest of her brief restates the conclusions she draws from this caselaw and these statutes. See generally id.

PCSB did not respond to the MOTION. Therefore, the Court must assess the merits of Lucas' MOTION without the benefit of hearing from the Plaintiff. Nonetheless, the Court finds that no additional argument from PCSB would assist in the decisional process on the MOTION because Lucas' arguments are clearly foreclosed by the plain

text of the IDEA and caselaw on the issue.

First, the plain text of the IDEA forecloses Lucas' argument. The statute provides, in relevant part, the following:

> Any party to a hearing conducted <u>pursuant to subsection (f) or (k)</u>, or an <u>appeal conducted pursuant to subsection (g)</u>, shall be accorded the right to a written, or, at the option of the parents, electronic verbatim record of such hearing.

20 U.S.C. § 1415(h)(3) (emphasis added). This language does not provide parties, including parents, the right to publicly funded transcripts for <u>any</u> hearing that deals with issues related to a dispute or matter covered under the IDEA. The statute provides explicit qualifiers that the Court must follow: It limits its application, and therefore provides this right, only for hearings conducted "pursuant to subsection (f) or (k)," or, for appeals, "pursuant to subsection (g)" of the IDEA. <u>Id.</u> The Evidentiary Hearing that the Court conducted over the course of April 2, 9, and 10, 2025, do not fall within any of those categories.

Hearings pursuant to subsection (f) only include the "Impartial due process hearing[s]" that parents and their advocates may submit DPH Requests for pursuant to Section 1415(b)(6) and (k) of the IDEA. <u>Id.</u> § 1415(f). As noted, the Defendants in this case have submitted (Skinger), or orchestrated the submission of and authored (Lucas), 18 such requests, with at least 10 hearings having occurred on those Requests. Lucas, however, does not here seek transcripts of those hearings. Instead,

6

Lucas seeks transcripts of the Evidentiary Hearing that occurred in this Court. That Hearing, and each of its sessions, was, needless to say, not an IDEA administrative hearing. It did indeed, as Lucas notes, pertain to IDEA issues relevant to PCSB's EMERGENCY MOTION. But, that fact alone does not transform a federal court proceeding into an IDEA administrative due process hearing to which Section 1415(h)(3) would apply.

Similarly, neither Section 1415(k) nor 1415(g) covers the proceedings in this Court from which Lucas seeks publicly funded transcripts. Both of these subsections deal with appellate hearings conducted after an initial IDEA hearing. Section 1415(g) only covers appeals of administrative hearings "required by subsection (f)." Id. § 1415(g). And, Section 1415(k) only covers appeals of hearings conducted under Section 1415(k) itself, which prescribes proceedings to have a child placed in an alternative educational setting. Id. § 1415(k)(3). The Evidentiary Hearing conducted in April by this Court does not come under the purview of either provision.

Lastly, the regulations on which Lucas relies, namely, 34 C.F.R. § 300.512(a)(4), only interpret and provide guidance on the IDEA itself. That regulation cannot extend its applicability beyond what the plain text of the statute covers. The text of the regulation simply provides guidance on IDEA due process hearings. It does not expand or extend the right of parents to receive

7

publicly funded transcripts of IDEA hearings pursuant to 1415(f), (g), and (k) to encompass proceedings held in federal court, like the Evidentiary Hearing. See generally 34 C.F.R. § 300.512(a)(4).

Unlike administrative proceedings conducted pursuant to the IDEA, the provision of transcripts for federal court proceedings is governed by 28 U.S.C. § 753. That statute provides that every "session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method." 28 U.S.C. § 753(b). Parties to a proceeding may request transcripts of hearings before the Court from the court reporter, who, upon such request, "shall promptly transcribe the original records of the requested parts of the proceedings" and provide them to the party that "has agreed to pay the fee therefor." Id. (emphasis added). To that end, the statute provides that every "reporter may charge and collect fees for transcripts requested by the parties" for proceedings held in federal court. Id. § 753(f). This statute governs whether Lucas can receive transcripts for the Evidentiary Hearing held before this Court—not the IDEA—and it clearly and unequivocally states that those transcripts are available to a party, but only after the appropriate fee is paid to the court reporter. The Court's ruling today, then, does not say that a party cannot receive transcripts of the Evidentiary Hearing. Any party certainly can do

8

so. However, the requesting party must pay a fee for those transcripts, just like any other party who proceeds before this Court not in forma pauperis[3] and seeks a transcript of its proceedings. Section 1415(h)(3) of the IDEA does not apply and therefore does not provide otherwise.

There is no shortage of decisional law addressing the applicability of 20 U.S.C. § 1415(h)(3) and its requirements for publicly funded transcripts to parents for IDEA hearings. Each of those cases cabin Section 1415(h)(3) to apply only to IDEA administrative hearings and appeals thereto—not to federal court proceedings. E.g., Kingsmore v. District of Columbia, 393 F. Supp. 2d 30, 33 (D.D.C. 2005) (holding that DCPS's failure to "provide a full transcript or recording of the April 23, 2003, due process hearing constituted a denial of FAPE" and § 1415(h)(3) (emphasis added)); Caroline T. v. Hudson Sch. Dist., 915 F.2d 752, 755 (1st Cir. 1990) (holding that 20 U.S.C. § 1415 "guarantees both parties the right to a verbatim written or electronic record of the administrative hearing" (emphasis added)); J.R. v. Sylvan Union Sch. Dist., No. CIV S-06-2136, 2008 U.S. Dist. LEXIS 18168, at *65 (E.D. Cal. Mar. 10, 2008) ("Parents' right to a verbatim record of the entire due process hearing is an explicit procedural safeguard

---

[3] A separate statute covers proceedings where a party proceeds in forma pauperis, which is not at issue today because the Defendants are not proceeding in forma pauperis. 28 U.S.C. § 1915.

9

accorded by the Act. 20 U.S.C. § 1415(h)(3)."); see also A.L. v. Jackson Cnty. Sch. Bd., 635 Fed. App'x 774, 787-88 (11th Cir. 2015) (per curiam) (same). After a diligent search, the Court has found no case, from any court, that extends 20 U.S.C. § 1415(h)(3)'s guarantees to publicly funded transcripts of IDEA administrative hearings to transcripts of hearings held in federal court. The Court declines to extend the statute's requirements beyond what Congress explicitly stated.

The authority cited by Lucas does not require a contrary reading of the relevant statutes or caselaw. First, Shapiro is inapposite. Lucas contends that Shapiro stands for the proposition that "the cost of transcripts may not be used as a barrier to the rights of parents under IDEA." ECF No. 149, at 2 (citing Shapiro, 317 F.3d 1072). However, Shapiro does not discuss, or even mention the word "transcript," once in its entire opinion. Shapiro, 317 F.3d 1072. Indeed, while the decision does address how some of the IDEA's proscribed procedural rights of the student in that case were violated, the case does not address any rights under 20 U.S.C. § 1415(h). Id. Put simply, Shapiro does not address, and therefore cannot stand for, the proposition that Lucas claims it does.

Nor does Honig assist Lucas in her quest for free transcripts of the Evidentiary Hearing. She contends that Honig "affirmed the importance of removing administrative barriers in the enforcement of special education protections." ECF No. 149, at 2 (citing Honig,

10

484 U.S. 305). She does not provide where, exactly, Honig so affirms. After reviewing the decision, it certainly does address procedural safeguards guaranteed to students with disabilities under the IDEA. However, the decision does note that those protections succumb to other considerations at times. See Honig, 484 U.S. at 327 ("While many of the [IDEA's] procedural safeguards protect the rights of parents and children, schools can and do seek redress through the administrative review process, and we have no reason to believe that Congress meant to require schools alone to exhaust in all cases, no matter how exigent the circumstances."). The decision continues by recognizing that courts have the ability, notwithstanding these procedural protections, to "in appropriate cases, temporarily enjoin a dangerous disabled child from attending school." Id. Thus, Honig seems to be a red herring as respecting what the Court must address in the MOTION.

Just like Shapiro, Honig does not address the right to transcripts of IDEA administrative hearings that is at issue today. The IDEA guarantees to all public-school students a free appropriate public education, or "FAPE." 20 U.S.C. § 1412(a)(1)(A); AW v. Fairfax Cnty. Sch. Bd., 372 F.3d 674, 678 (4th Cir. 2004) (citing Honig, 484 U.S. at 310). It is beyond dispute that the IDEA's procedural safeguards are incredibly important to the protection of the education of students with

11

disabilities. However, the procedural safeguard of publicly funded transcripts of IDEA administrative hearings, 20 U.S.C. § 1415(h)(3), simply does not apply to the Evidentiary Hearing held before this Court. That holding does not strip H.S. of FAPE. It simply complies with the plain text of the IDEA and algins with all relevant caselaw.

### III. CONCLUSION

For the foregoing reasons, the MOTION, ECF No. 149, will be DENIED.[4]

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 23, 2025

---

[4] The Court notes that the MOTION is filed, and signed, only by Lucas in her capacity as a Defendant in this case. Lucas, who is not a student or the parent of a student covered by the IDEA, does not explain how the IDEA protections that she seeks pursuant to 20 U.S.C. § 1415(h)(3) might be available to her, even if they were available to Skinger (which they are not).