IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

POWHATAN COUNTY SCHOOL BOARD,

    Plaintiff,

v.                            Civil Action No. 3:24cv874

TODD SKINGER AND
KANDISE LUCAS,

    Defendants.

MEMORANDUM OPINION

The Court has under consideration, _inter alia_, CO-DEFENDANT DR. LUCAS' MOTION TO RECUSE JUDGE ROBERT PAYNE, DISMISS SLAPP SUIT, AND RESCIND THE PERMANENT FEDERAL COURT BAN (ECF No. 9),[1] the RESPONSE IN OPPOSITION TO DEFENDANT KANDISE LUCAS'S "MOTION TO RECUSE JUDGE ROBERT PAYNE, DISMISS SLAPP SUIT, AND RESCIND THE PERMANENT FEDERAL COURT BAN" (DKT. NO. 9) (ECF No. 10) filed by the Plaintiff, Powhatan County School Board ("PCSB"), the DEFENDANT'S PRO SE REPLY MEMORANDUM IN OPPOSITION OF [sic] EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, OPPOSITION TO PLAINTIFFS' MOTION (DOC. 77), DEMAND FOR SANCTIONS AND DISMISSAL WITH PREJUDICE, NOTICE OF LEGAL OBJECTIONS, AND RULE 83.1(M) GHOSTWRITING NOTICE (ECF No. 115), the MOTION TO STRIKE "DEFENDANT'S PRO SE REPLY MEMORANDUM IN OPPOSITION OF EMERGENCY

---

[1] The Defendant, Kandise Lucas, will be referred to as "Lucas."

MOTION FOR PRELIMINARY INJUNCTION, OPPOSITION TO PLAINTIFFS'
MOTION (DOC. 77), DEMAND FOR SANCTIONS AND DISMISSAL WITH
PREJUDICE, NOTICE OF LEGAL OBJECTIONS, AND RULE 83.1(M)
GHOSTWRITING NOTICE" (DKT. No. 115) (ECF No. 116), and the
MEMORANDUM IN SUPPORT OF MOTION TO STRIKE "DEFENDANT'S PRO SE REPLY
MEMORANDUM IN OPPOSITION OF EMERGENCY MOTION FOR PRELIMINARY
INJUNCTION, OPPOSITION TO PLAINTIFFS' MOTION (DOC. 77), DEMAND FOR
SANCTIONS AND DISMISSAL WITH PREJUDICE, NOTICE OF LEGAL
OBJECTIONS, AND RULE 83.1(M) GHOSTWRITING NOTICE (DKT. No. 115)
(ECF No. 117) filed by PCSB.

In ECF No. 10, PCSB noted that, in ECF No. 9, there were
citations by Lucas that, "after diligent searches," counsel for
PCSB could not locate. ECF No. 10, at 5 n.3. Also, in ECF No. 10,
PCSB noted that many cases cited by Lucas in ECF No. 9 do not
remotely bear on the issues for which the cases were cited. Id. In
ECF No. 117, counsel for PCSB noted the same two circumstances
(citations to nonexistent or irrelevant cases) respecting the
citations by Lucas in ECF No. 115. ECF No. 117, at 3. Also, in ECF
No. 117, PCSB identified, and complained of, numerous instances in
which filings by Lucas violate the Local Civil Rules respecting
briefs and pleadings (Local Civil Rule 7(F)) and the Local Civil
Rule respecting certain certifications (Local Civil Rule 83.1(N)),
as well as the Federal Rules of Civil Procedure. Id. at 4-5.

When reviewing other papers filed by Lucas, the Court has

noted that often, indeed usually, the filings made by Lucas are accompanied by attachments that actually seem to be topical discussions that belong (if anywhere) in the text of the filing, rather than attached thereto (for example, as an exhibit). The result is that many, indeed most, of Lucas' filings, which appear to be intended to be briefs, materially exceed the page limitations for briefs set in Local Civil Rule 7(F).

Further, in ECF No. 9 and ECF No. 115 as in many, indeed most, of the filings made by Lucas, the text statements are not presented in complete sentences. Instead, the text statements most often are presented as conclusory and pejorative assertions (such as race, hostility, bias, fraud) apparently thought by Lucas to be of some import, but which, in fact, either make no point at all or assume whatever point that is trying to be made.

Equally confusing and violative of the Federal Rules of Civil Procedure is DEFENDANTS SKINGER AND LUCAS' ANSWER TO PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT OF MOTION TO DISMISS (ECF No. 7) (the "ANSWER"), which the Court understands to be Lucas' ANSWER to PCSB's COMPLAINT (ECF No. 1). The COMPLAINT is 12 pages in length, containing 55 short paragraphs, 2 counts, and a prayer for relief. It is in full compliance with Fed. R. Civ. P. 8(a)(1)-(3), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The COMPLAINT also complies with Fed. R. Civ. P. 8(d)(1), which requires that: "[e]ach allegation must be simple, concise, and direct." And, it complies with the representations of Fed. R. Civ. P. 10(b), which provides that: "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Lucas' ANSWER does not comply with Rule 10(b) nor does it respond, numbered paragraph by numbered paragraph, to the corresponding numbered paragraph in the COMPLAINT. Instead, Lucas' ANSWER is a hodge-podge of "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The combination of these circumstances have made it quite difficult, indeed often impossible, for the Court to discern what Lucas is trying to say or what, if any, legal support there exists to support what she is attempting to say. And, in reading the responsive filings made by PCSB, the Court perceives that counsel for PCSB has encountered the same difficulty.

4

## I. FACTUAL FINDINGS

In perspective of the questions raised by PCSB in ECF Nos. 10 and 117 and mindful of the Court's own observations when considering the filings in this case, the Court again reviewed the pending filings in this action. On the basis of that review, the Court concludes that Lucas has violated the Federal Rules of Civil Procedure and the Local Civil Rules when making filings in this case.[2] Additionally, upon its review, the Court has found numerous instances when Lucas has cited to caselaw that: (1) does not exist at all; (2) had incorrect reporter citations making it difficult, or, in some instances impossible, to find the putative authority; (3) improperly attributed decisions to the wrong court; or (4) were given only by name and with no citation at all, making it nearly impossible for the Court to discover, and therefore examine, the authority.

For example, across the motions and briefs that the Court

---

[2] The Court holds Lucas accountable for the violations of the rules herein discussed because she alone has signed the relevant filings. Defendant Todd Skinger ("Skinger"), who is a Defendant in his own right and who, in no way, is being represented by Lucas, has not signed onto the relevant filings except for ECF No. 7. Therefore, the Court does not impute the same responsibility for these violative filings unto Skinger as it does unto Lucas. However, Skinger is advised that, unless Lucas remedies the problems with the filings herein described, they may be permanently struck from the record, rendering him unable to make reference to them. The Court advises Skinger once more that, to the extent that he wishes to engage in his own defense through his own filings, that is his right as a co-defendant, and that he may do so either by in the posture of a pro se litigant or through retained legal counsel.

addresses today, which include (1) CO-DEFENDANT DR LUCAS' MOTION TO RECUSE JUDGE ROBERT PAYNE, DISMISS SLAPP SUIT, AND RESCIND THE PERMANENT FEDERAL COURT BAN, ECF No. 9, (2) DEFENDANT ADVOCATE DR. LUCAS' RESPONSE TO THE SCHOOL BOARD'S OPPOSITION TO "MOTION TO RECUSE JUDGE ROBERT PAYNE, DISMISS SLAPP SUIT, AND RESCIND THE PERMANENT FEDERAL COURT BAN," ECF No. 11, (3) DEFENDANTS' OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, ECF No. 22, (4) MOTION FOR RECONSIDERATION OF COURT'S APRIL 2, 2025 ORAL RULING; RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND MOTION TO SEAL, ECF No. 88, and (5) DEFENDANT'S PRO SE REPLY MEMORANDUM IN OPPOSITION OF EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, OPPOSITION TO PLAINTIFFS' MOTION (DOC. 77), DEMAND FOR SANCTIONS AND DISMISSAL WITH PREJUDICE, NOTICE OF LEGAL OBJECTIONS, AND RULE 83.1(M) GHOSTWRITING NOTICE, ECF No. 115, the Court has found <u>at least forty-two (42)</u> citations to authority by Lucas that, <u>inter alia</u>, do not exist. Those citations include:

> (1) "<u>T.A. v. McKinney Independent School District</u>, 861 F.2d 655 (5th Cir. 1988)."[3] ECF No. 9, at 7. The reported citation corresponds instead to an Eleventh Circuit case on entirely

---

[3] For each of the identified citations to faulty legal authority, the Court provides the case citation, in quotes, exactly as Lucas provides it in her brief or motion. That citation is then followed by an ECF citation to the corresponding brief or motion and to the pincite therein on which the faulty legal authority was cited.

different subject matter than that described by Lucas. <u>Jones</u> <u>v. Otis Elevator Co.</u>, **861 F.2d 655** (11th Cir. 1988).[4]

(2) "<u>H.B. v. School District of XYZ</u> (2019)." ECF No. 9, at 25. Lucas provides no reporter citation for this case. Nor does she identify the court that purportedly decided it or provide any quotation from any portion of the case.[5] Further, based on experience, the Court views it as entirely unlikely that a School District of "XYZ" exists in the United States because school district names are typically geographically based.[6] Thus, the case name, as cited to by Lucas, alone suggests that the case is entirely fabricated and does not exist. That conclusion is confirmed by the absence of a reporter citation.

(3) "<u>Eugene G. v. Board of Education</u> (2016)." ECF No. 9, at 28. Lucas provides no reporter citation for this case. Nor does she identify the court that purportedly decided the case or any quotation from any portion of the case. Only one case appeared in a targeted search based on the timeframe of

---

[4] Throughout this ORDER, the Court bolds certain reporter numbers to demonstrate that the reporter cited to by Lucas for one case in fact corresponds to an entirely different case.

[5] Identification of a quotation can (on occasion) permit identification of the case in which the quotation appears.

[6] Upon a limited independent search, the Court could find no school district in the country with this name.

January 1, 2016, to December 31, 2016, which was the year in which the case was purportedly decided. That case is <u>Henry Cnty. Bd. of Educ. v. S.G.</u>, 786 S.E.2d 907 (Ga. Ct. App. 2016). The facts in that case bear no relation to those that Lucas attributes to the case cited in ECF No. 9.

(4) "<u>John Doe v. Henrico County School Board</u> (2021)." ECF No. 9, at 29. Lucas provides no reporter citation for this case. Nor does she identify the court that purportedly decided it or any quotation from any portion of the case.

(5) <u>Green v. Parents in Bedford County, VA</u> (2017)." ECF No. 9, at 30. Lucas provides no reporter citation for this case. Nor does she identify the court that purportedly decided it or any quotation from any portion of the case. Lucas alleges that Attorney Matthew Green ("Green"), counsel to PCSB in the present action, brought the cited case. A targeted search was made for cases brought by Green around 2017 that would match the factual description given by Lucas. None were found.

(6) "<u>Powhatan County SLAPP Suit</u> (2019)." ECF No. 9, at 30. Lucas provides no reporter citation for this case. Nor does she identify the court that purportedly decided it or any quotation from any portion of the case. Further, Lucas does not even present this case in a proper case-name format.

(7) "<u>Berkley v. United States</u>, 287 F.3d 453 (4th Cir. 2002)." ECF No. 9, at 45. A search located no case with the citation

8

"287 F.3d 453" (provided by Lucas) decided by the United States Court of Appeals for the Fourth Circuit. The case that comes back as the closest match to that reporter citation is United States v. Humphrey, 287 F.3d 422 (6th Cir. 2002), a criminal case from an entirely different circuit that has no apparent relevance to this case. The only case by the name of "Berkley v. United States" within the geographic composition of the Fourth Circuit is a decision from the United States District Court from the Western District of North Carolina, which was decided almost 20 years after the date of the case cited by Lucas. Berkley v. United States, No. 20-cv-152, 2021 U.S. Dist. LEXIS 64512 (W.D. N.C. Apr. 2, 2021). That case bears no relevance to this case.

(8) "In re McDonald, 489 F.3d 137 (2d Cir. 2007)." ECF No. 9, at 50, 72. The Court could find no case with the citation "489 F.3d 137." The case that comes back as the closest match to that reporter citation is Lin Zhong v. United States DOJ, 489 F.3d 126 (2d Cir. 2007), a criminal case with no relevance to the subject matter of this case.

(9) "United States v. Hines, 665 F.3d 235 (3d Cir. 2012)." ECF No. 9, at 50. The reported citation corresponds to a First Circuit case on an entirely different subject than that described by Lucas. Hines v. State Room, Inc., 665 F.3d 235 (1st Cir. 2011).

(10) "<u>Brennan v. City of White Plains</u>, 67 F.3d 73 (2d Cir. 1995)." ECF No. 9, at 53. The Court could locate no case with the citation "67 F.3d 73." The case that comes back as the closest match to this reporter citation is <u>In re Hannover Corp. of Am.</u>, 67 F.3d 70 (5th Cir. 1995), which bears no relevance to this case.

(11) "<u>Collins v. City of New York</u>, 461 F.3d 300 (2d Cir. 2006)." ECF No. 9, at 54. The Court could locate no case with the citation "461 F.3d 300." The case that comes back as the closest match to this reporter citation is <u>United States v. Davila</u>, 461 F.3d 298 (2d Cir. 2006), a criminal case which no apparent relevance to the subject matter of this case.

(12) "<u>O'Connor v. Board of Education</u>, 620 F.3d 1234 (9th Cir. 2010)." ECF No. 9, at 54. The Court could locate no case with the citation "620 F.3d 1234." The case that comes back as the closest match to this reporter citation is <u>S. Utah Wilderness All. v. Off. of Surface Mining Reclamation & Enf't</u>, 620 F.3d 1227 (10th Cir. 2010) which bears no relevance to the subject matter of this case.

(13) "<u>Collins v. Board of Education</u>, 705 F.3d 222 (7th Cir. 2013)." ECF No. 9, at 55. The Court could locate no case with citation "705 F.3d 222." The case that comes back as the closest match to this reporter citation is <u>Camera v. Holder</u>, 705 F.3d 219 (6th Cir. 2013), which bears no apparent

relevance to the subject matter of this case.

(14) "Gonzales v. McCarthy, 38 F.3d 544 (9th Cir. 1994)." ECF No. 9, at 55. The Court could locate no case with citation "38 F.3d 544." The case that comes back as the closest match to this reporter citation is United States v. Chigbo, 38 F.3d 543 (11th Cir. 1994), a criminal case with no apparent relevance to the subject matter of this case.

(15) "Andrew M. v. Delaware County Office of Mental Health, 490 F.3d 381 (3d Cir. 2007)." ECF No. 9, at 56. The Court could locate no case with citation "490 F.3d 381." The case that comes back as the closest match to this reporter citation is Smith Int'l, Inc. v. Egle Grp. LLC, 490 F.3d 380 (5th Cir. 2007), which has no apparent relevance to the subject matter of this case.

(16) "Doyle v. New York State Office of Children and Family Services, 268 F.3d 149 (2d Cir. 2001)." ECF No. 9, at 56. The Court could locate no case with citation "268 F.3d 149." The case that comes back as the closest match to this reporter citation is United States v. Harrell, 268 F.3d 141 (2d Cir. 2001), a criminal case with no apparent relevance to the subject matter of this case.

(17) "United States v. Tom, 139 F.3d 701 (9th Cir. 1998)." ECF No. 9, at 57, 61. The Court could locate no case with citation "139 F.3d 701." The case that comes back as the

closest match to this reporter citation is <u>Pareto v. Fed.</u> <u>Deposit Ins. Corp.</u>, 319 F.3d 696 (9th Cir, 1998), which has no apparent relevance to the subject matter of this case.

(18) <u>Graham v. Davis</u>, 429 F.3d 211 (4th Cir. 2005)." ECF No. 9, at 58. The Court could locate no case with citation "429 F.3d 211" decided by the Fourth Circuit. The case that comes back as the closest match to this reporter citation is <u>Spirit</u> <u>Airlines, Inc. v. Nw. Airlines, Inc.</u>, No. 03-1521, 2005 U.S. App. LEXIS 24085 (6th Cir. Nov. 9, 2005) (formerly 429 F.3d 190), a case from an entirely different circuit and one that was later withdrawn from publication because of a superseding published decision in <u>Spirit Airlines, Inc. v. Nw. Airlines,</u> <u>Inc.</u>, 431 F.3d 917 (6th Cir. 2005). The only case by the name of "<u>Graham v. Davis</u>" issued by the Fourth Circuit is an unpublished Fourth Circuit decision from 1992, approximately 13 years before the purported case cited by Lucas. <u>Graham v.</u> <u>Davis</u>, No. 92-6319, 1992 U.S. App. LEXIS 11438 (4th Cir. May 18, 1992).

(18) "<u>Bryant v. Collins</u>, 10 F.3d 511 (5th Cir. 1993)." ECF No. 9, at 59. The Court could locate no case with citation "10 F.3d 511." The case that comes back as the closest match to this reporter citation is <u>McNabola v. Chi. Transit Auth.</u>, 10 F.3d 501 (7th Cir. 1993), which has no apparent relevance to the subject matter of this case.

12

(19) "Jones v. City of Boston, 759 F.2d 4 (1st Cir. 1985)."
ECF No. 9, at 60, 64. The Court could locate no case with
citation "759 F.2d 4." The case that comes back as the closest
match to this reporter citation is S.E.R. Jobs for Progress
v. United States, 759 F.2d 1 (Fed. Cir. 1985), which has no
apparent relevance to the subject matter of this case.

(20) "M.L. v. Federal Way School District, 18 F.3d 453 (9th
Cir. 1994)." ECF No. 9, at 61, 63, 71. The Court could locate
no case with citation "18 F.3d 453." The case that comes back
as the closest match to this reporter citation is Avery ex
rel. Avery v. Mapco Gas Prods., 18 F.3d 448 (7th Cir. 1994),
which has no apparent relevance to the subject matter of this
case.

(21) Smith v. Metropolitan School District, 479 F.3d 874 (7th
Cir. 2007)." ECF No. 9, at 63. The Court could locate no case
with citation "479 F.3d 874." The case that comes back as the
closest match to this reporter citation is Kirkendall v. Dep't
of the Army, 479 F.3d 830 (Fed. Cir. 2007), which has no
apparent relevance to the subject matter of this case.

(22) "Lopez v. Mendez, 114 F.3d 378 (8th Cir. 1997)." ECF No.
9, at 64. The Court could locate no case with citation "114
F.3d 379." The case that comes back as the closest match to
this reporter citation is Doyle v. Kowitzowitz, 114 F.3d 371
(2d Cir. 1997), which has no apparent relevance to the subject

matter of this case.

(23) "Smith v. Waddington, 572 F.3d 207 (2nd Cir. 2009)." ECF No. 9, at 66. The Court could locate no case with citation "572 F.3d 207." The case that comes back as the closest match to this reporter citation is Baum v. Rushton, 572 F.3d 198 (4th Cir. 2009), which is a Fourth Circuit decision that has no apparent relevance to the subject matter of this case.

(24) "E.K. v. New York City Department of Education, 191 F. Supp. 2d 232 (S.D.N.Y. 2002)." ECF No. 9, at 70. The Court could locate no case with citation "191 F. Supp. 2d 232." The case that comes back as the closest match to this reporter citation is Laurenzano v. Blue Cross & Blue Shield of Mass. Ret. Income Trust, 191 F. Supp. 2d 223 (D. Mass. 2002), which has no apparent relevance to the subject matter of this case.

(25) "Gonzalez v. New York Department of Education, 105 F.3d 76 (2nd Cir. 1997)." ECF No. 9, at 70. The Court could locate no case with citation "105 F.3d 76." The case that comes back as the closest match to this reporter citation is NBN Broad. v. Sheridan Broad. Networks, 105 F.3d 72 (2d Cir. 1997), which has no apparent relevance to the subject matter of this case.

(26) "Moses v. Pomeroy, 1999 U.S. Dist. LEXIS 5220 (E.D. Va. 1999)." ECF No. 9, at 75. The Court could locate no case with citation "1999 U.S. Dist. LEXIS 5220." The case that comes back as the closest match to this reporter citation is Pigford

*v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999), which has no apparent relevance to this case. A targeted search provided no case by the name "*Moses v. Pomeroy*" in the Eastern District of Virginia.

(27) "*Kovacs v. Harp*, 1998 U.S. App. LEXIS 11525 (4th Cir. 1998)." ECF No. 9, at 75. The reported citation corresponds with an unpublished Ninth Circuit decision. *Reed v. Arpaio*, No. 95-16758, 1998 U.S. App. LEXIS 11525 (9th Cir. Feb. 23, 1998) (unpublished). A targeted search revealed no case by the name of "*Kovacs v. Harp*" from any district court within this circuit or the Fourth Circuit itself.

(28) "*Kerrigan v. Thomas*, 404 F. Supp. 3d 700 (E.D. Va. 2019)." ECF No. 9, at 76. The Court could locate no case with citation "404 F. Supp. 3d 700" provided by Lucas. The case that comes back as the closest match to this reporter citation is *Ferraro v. N.Y. City Dep't of Educ.*, 404 F. Supp. 3d 691 (E.D.N.Y. 2017), an employment law decision which has no apparent relevance to this case. A targeted search revealed no case by the name of "*Kerrigan v. Thomas*" in the Eastern District of Virginia.

(29) "*In re Lotti*, 667 A.2d 867 (Md. 1995)." ECF No. 11, at 5. The Court could locate no case with citation "667 A.2d 867." The case that comes back as the closest match to this reporter citation is *Mathieu v. Bath Iron Works*, 667 A.2d 862

15

(Me. 1995), which has no apparent relevance to this action.

(30) "Gresk v. Demetris, 96 F.3d 537 (4th Cir. 2019)." ECF No. 11, at 13. The Court could locate no case with citation "96 F.3d 537" asserted to be a Fourth Circuit decision. The case that comes back as the closest match to this reporter citation is Fleet Nat'l Bank v. H&D Ent., 96 F.3d 532 (1st Cir. 1996), a case from an entirely different circuit. Furthermore, a targeted search revealed no case by the name of "Gresk v. Demetris" from any district court within this circuit or by the Fourth Circuit itself. The only case that matches this case name is a decision by the Supreme Court of Indiana, Gresk v. Demetris, 96 N.E.3d 564 (Ind. 2018), which has no binding effect on the decisions of this Court and which has no apparent relevance to the subject matter of this case.

(31) "Doe v. Arlington County Sch. Bd., 517 F.3d 601 (4th Cir. 2008)." ECF No. 11, at 14. The reported citation corresponds with a decision by the Second Circuit rather than the Fourth Circuit. Caidor v. Onondaga County, **517 F.3d 601** (2d Cir. 2008), which has no apparent relevance to this action. The only Fourth Circuit case similar in name to Lucas' provided citation is Doe ex rel. Doe v. Arlington Cnty. Sch. Bd., No. 99-1426, 2000 U.S. App. LEXIS 4287 (4th Cir. Mar. 20, 2000) (per curiam) (unpublished), an unpublished decision dated at least eight years before the purported case cited by

Lucas.

(32) "Nichaus v. Huppenthal, 233 F. Supp. 3d 1076 (D. Ariz. 2017)." ECF No. 22, at 10. The Court could locate no case with citation "233 F. Supp. 3d 1076." The case that comes back as the closest match to this reporter citation is Pueblo of Pojoaque v. New Mexico, 233 F. Supp. 3d 1021 (D.N.M. 2017), which has no apparent relevance to the subject matter of this case.

(33) "M.S. v. Marple Newtown Sch. Dist., 635 F. App'x 79 (3d Cir. 2015)." ECF No. 22, at 10. The Court could locate no case with citation "635 F. App'x 79." The case that comes back as the closest match to this reporter citation is United States v. Flanders, 635 Fed. App'x 74 (3d Cir. 2016), a criminal case which has no apparent relevance to the subject matter of this case.

(34) New York v. United States Dep't of Educ., 903 F.3d 520 (2d Cir. 2018)." ECF No. 22, at 12. The Court could locate no case with citation "903 F.3d 520." The case that comes back as the closest match to this reporter citation is United States v. Islas-Saucedo, 903 F.3d 512 (5th Cir. 2018), a criminal case which has no apparent relevance to the subject matter of this case.

(35) "Fitzgerald v. Fairfax County Sch. Bd., 556 F.3d 736, 742 (4th Cir. 2009)." ECF No. 88, at 14, 21, 32, 33. The

reported citation corresponds with a decision by the Ninth
Circuit rather than the Fourth Circuit. United States v.
Gonzalez-Zotelo, 556 F.3d 736 (9th Cir. 2009), a criminal
case which has no apparent relevance to the subject matter of
this case. Further, after a targeted search, the Court was
unable to find any case with the same, or similar, name as
"United States v. Gonzalez-Zotelo" in the Fourth Circuit or
any district court within the Fourth Circuit.

(36) "Eugene v. Kettle Moraine School District, 212 F.3d 1062
(7th Cir. 2000)." ECF No. 88, at 34. The Court could locate
no case with citation "212 F.3d 1062." The case that comes
back as the closest match to this reporter citation is Joy v.
Penn-Harris-Madison Sch. Corp., 212 F.3d 1052 (7th Cir.
2000), which has no apparent relevance to the subject matter
of this case.

(37) "R.M. v. Board of Education of the New York City School
District, 2013 WL 1245512 (S.D.N.Y. Mar. 27, 2013)." ECF No.
88, at 35, 38. The Court could locate no case with citation
"2013 WL 1245512" nor could the Court find any case with a
similar Westlaw citation to it.

(38) "T.G. v. New York City Dept. of Education, 2016 WL
1086792 (E.D.N.Y. Mar. 21, 2016)." ECF No. 88, at 35, 38. The
Court could locate no case with citation "2016 WL 1086792."
Instead, that citation corresponds with a report of a meeting

18

by the Advisory Council for the Elimination of Tuberculosis (ACET). 81 F.R. 15305-02, **2016 WL 1086792** (Mar. 22, 2016).

(39) "Doe v. Board of Education of Tullahoma City Schools, 9 F. Supp. 2d 1032 (M.D. Tenn. 1998)." ECF No. 88, at 36. The Court could locate no case with citation "9 F. Supp. 2d 1032." The case that comes back as the closest match to this reporter citation is Am. Bldg. Maintenance Co. v. 1000 Water St. Condo. Ass'n, 9 F. Supp. 2d 1028 (E.D. Wis. 1998), which has no apparent relevance to the subject matter of this case.

(40) "Gonzalez v. New York City Dept. of Education, 2012 WL 1712244 (S.D.N.Y. May 15, 2012)." ECF No. 88, at 37. The Court could locate no case with citation "2012 WL 1712244" provided by Lucas nor could the Court find any case with a similar Westlaw citation to it.

(41) "G ex rel. RG v. Fayette County Public Schools, 755 F. Supp. 927, 937 (E.D. Ky. 2010)." ECF No. 115, at 4. The Court could locate no case with citation "755 F. Supp. 927." The case that comes back as the closest match to this reporter citation is DeGeer v. Gillis, 755 F. Supp. 2d 909 (N.D. Ill. 2010), which has no apparent relevance to the subject matter of this case.

(42) "Beeman v. Anthem Prescription Mgmt., 315 F.3d 263, 267 (4th Cir. 2002)." ECF No. 115, at 5. A search located no case with the citation "315 F.3d 263" provided by Lucas and

purportedly decided by the Fourth Circuit. Lucas also provides a specific pincite to a page within the case, which, because no case has that reporter number, is also patently incorrect. The case that comes back as the closest match to that reporter citation is Young v. New Haven Advoc., 315 F.3d 256 (4th Cir. 2002), a different decision from the Fourth Circuit that does not discuss the IDEA at all and, instead, deals with questions of libel and personal jurisdiction—topics that are not at issue in this case. Further, the Court did a targeted search and could identify no case by the name of "Beeman v. Anthem Prescription Management" in the Fourth Circuit.

In sum, the Court concludes that the cases referred to in ¶¶ 2-8, 10-26, 28-30, 32-34, and 36-42 do not exist and that the cases referred to in ¶¶ 1, 9, 27, 31, and 35 cite to entirely different cases than cited to and relied upon by Lucas, which have no bearing on, and no relevance to, this case. This problem pervades ECF Nos. 9, 11, 22, 88, and 115

## II. DISCUSSION

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings" in this Court. Fed. R. Civ. P. 1. "They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Id. To that end,

Rule 8 (the "General Rules of Pleading") which requires, _inter alia_, that claims, and answers to those claims, be made in "short and plain terms" and that answers "fairly respond" to the substance of each allegation in the claim. Fed. R. Civ. P. 8(b).

All United States District Courts are responsible for managing the cases on their dockets mindful of the requirements of Fed. R. Civ. P. 1. All litigants before the Court are bound by the requirements of Fed. R. Civ. P. 11(b), which provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Of course, Lucas is bound by Rule 11.

Local Civil Rule 7(F) governs the filing of briefs in this Court. Local Civil Rule 7(F)(1) and (3) are one of the means by

which the Court manages its docket. Those rules provide:

**(F) Briefs Required:**

(1) All motions, unless otherwise directed by the Court and except as noted herein below in subsection 7(F)(2), shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. Unless otherwise directed by the Court, the opposing party shall file a response brief and such supporting documents as are appropriate, within fourteen (14) calendar days after service and the moving party may file a reply brief within six (6) calendar day periods for response and reply briefs shall apply without regard to, and are not expanded by, the mode of service used for those briefs, notwithstanding the provisions of Fed. R. Civ. P. 6(d). No further briefs or written communications may be filed without first obtaining leave of Court.

\* \* \*

(3) All briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins. Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced and rebuttal briefs shall not exceed twenty (20) such pages.

As reflected above, Lucas repeatedly has filed papers that exceed the page limitations of Local Rule 7(F) either by actually using more pages in the brief or by incorporating in the brief voluminous attachments (sometimes hundreds of pages).

More troublesome is that almost all of Lucas' filings contain numerous conclusory and unconnected statements that are not complete sentences and that do not contain logical or understandable points pertinent to the issues. And, most of Lucas'

filings contain extensive hyperbole and pejorative comments about race or bias with no evidence to support the use of those terms. The result is that the reader is left to guess the points that Lucas intends to make and then to address them. That is a difficult task for Lucas' adversaries. It is an impossible one for a Court which, of course, cannot devise arguments in support of any litigant.

The most troublesome result of the review of the filings discussed above is that Lucas repeatedly has cited cases that do not exist. This is likely the result of Lucas' use of generative Artificial Intelligence ("AI"), including ChatGPT, which, on the record during a hearing held before the Court on April 2, 2025, Lucas admitted to using in writing at least one of her filings. The issue of AI programs populating and citing to fake or nonexistent legal authority, what has become known as AI "hallucinations," is an issue for courts that is becoming far too common.[7] Courts are increasingly having to deal with this "novel"

---

[7] Lyle Moran, Lawyer Cites Fake Cases Generated by ChatGPT in Legal Brief, LegalDive (May 30, 2023), https://www.legaldive.com/news/chatgpt-fake-legal-cases-generative-ai-hallucinations/651557/; Larry Neumeister, Lawyers Submitted Bogus Case Law Created by ChatGPT. A Judge Fined Them $5,000, AP (June 22, 2023, 6:16 PM), https://apnews.com/article/artificial-intelligence-chatgpt-fake-case-lawyers-d6ae9fa79d0542db9e1455397aef381c; Sara Merken, AI 'Hallucinations' in Court Papers Spell Trouble for Lawyers, Reuters (Feb. 18, 2025, 3:55 PM), http://reuters.com/technology/artificial-intelligence/ai-hallucinations-court-papers-spell-trouble-lawyers-2025-02-18/.

issue, including those within the Fourth Circuit's jurisdiction. E.g., <u>Mescall v. Renaissance at Antiquity</u>, No. 3:23-cv-332, 2023 U.S. Dist. LEXIS 203028, at *1 (W.D. N.C Nov. 13, 2023) ("[R]ecent caselaw from outside of this jurisdiction supports the common-sense conclusion that the use of artificial intelligence creates challenges, raises ethical issues, and may result in sanctions or penalties when used inappropriately." (citing <u>Mata v. Avianca, Inc.</u>, No. 22-cv-1461, 2023 U.S. Dist. LEXIS 108263, 2023 WL 4114965, at *1 (S.D.N.Y. June 22, 2023))); <u>see also Anonymous v. N.Y.C. Dep't of Educ.</u>, No. 1:24-cv-04232, 2024 U.S. Dist. LEXIS 127114, at *19-21 (S.D.N.Y. July 18, 2024) ("Without question, it is improper and unacceptable for litigants - including <u>pro se</u> litigants - to submit 'non-existent judicial opinions with fake quotes and citations.'" (quoting <u>Mata v. Avianca, Inc.</u>, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023))).

The pervasive misrepresentations of the law in Lucas' filings cannot be tolerated. It serves to make a mockery of the judicial process. It causes an enormous waste of judicial resources to try to find cited cases that do not exist and to determine whether a cited authority is relevant or binding, only to determine that most are neither.

In like fashion, Lucas' adversaries also must run to ground the nonexistent cases or address patently irrelevant ones. The adversaries must thus incur needless legal fees and expenses caused

by Lucas' pervasive citations to nonexistent or irrelevant cases.

If a lawyer or law firm engaged in the conduct in which Lucas has engaged, the lawyer would be sanctioned, perhaps monetarily or with an order to pay the opponent's fees, perhaps by the entry of an adverse judgment or by removing the lawyer's privilege to practice law. Park v. Kim, 91 F.4th 610, 613-16 (2d Cir. 2024) (threatening to impose sanctions upon legal counsel who submitted "nonexistent legal authorities" in briefing and referring the attorney for investigation); see also Grant v. City of Long Beach, 96 F.4th 1255, 1256-57 (9th Cir. 2024) (striking pleadings and dismissal appeal because of counsel's use of fabricated caselaw). Courts have also routinely threatened to impose sanctions on litigants proceeding pro se who cite AI-hallucinated or otherwise nonexistent legal authority to support their positions. E.g., Anonymous, 2024 U.S. Dist. LEXIS 127114, at *19-21; Marion v. Hollis Cobb Assocs., Inc., No. 1:24-cv-2582, 2025 U.S. Dist. LEXIS 27189, at *14-15 (N.D. Ga. Feb. 14, 2025) (ordering the pro se defendant to either produce cited-to unfindable legal authority or show cause why sanctions should not be imposed); Sanders v. United States, No. 24-cv-1301, 2025 U.S. Claims LEXIS 697, at *9-13 (Fed. Cl. Mar. 31, 2025) (warning pro se plaintiff to not submit AI-hallucinated cases in subsequent filings at the risk of sanctions); Ruggierlo, Velardo, Burke, Rizen & Fox, P.C. v. Lancaster, No. 22-12010, 2023 U.S. Dist. LEXIS 160755, at *5 n.5 (E.D. Mich. Sept.

11, 2023) (threatening pro se defendant with sanctions if they continued to submit filings with AI-hallucinated or other "made-up law"); Williams v. Cap. One Bank, N.A., No. 24-2032, 2025 U.S. Dist. LEXIS 49256, at *20-21 (D.D.C. Mar. 18, 2025) (admonishing pro se plaintiff "against filing briefs with fabricated case citations" after the plaintiff seemed to rely on AI-hallucinated cases).

However, as previously noted Lucas appears to be judgment proof so monetary sanctions likely will not deter her from the abusive practices reflected in her filings and in her previously announced, consistently followed, abuse of the litigation proceedings created by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA").[8] So, the Court must find

---

[8] In a prior case, the Court had previously found that Lucas was engaged in a "scorched earth" strategy of bringing endless IDEA actions against Virginia school boards as a means to force them to cave to her demands, however unwarranted, or otherwise incur exceptional expense in trying to defend against her actions. Henrico Cnty. Sch. Bd. v. Matthews, No. 3:18-cv-110, 2019 U.S. Dist. LEXIS 171735, at *22-23 (E.D. Va. Oct. 2, 2019) (ECF No. 220), aff'd, 827 Fed. App'x 367 (4th Cir. 2020). It is apparent to the Court that Lucas continues to follow that strategy on behalf of the Skinger family.

Furthermore, during an evidentiary hearing in the present action, which was held on April 2, 2025, Lucas asked her witness, Minister Cheryl Simms (who also is Lucas' co-defendant in a related case before the Court, Goochland Cnty. Sch. Bd. v. Simms, No. 3:25-cv-238), on direct examination whether Minister Simms (and Lucas herself, as Simms' IDEA advocate) would continue to engage in the same practice on behalf of the Simms family. Simms responded in the affirmative.

some other way to protect the interests of justice and to deter Lucas from the abuses which have come to mark her approach to participation as a defendant in the judicial process.

In this case, the most appropriate remedy is to strike Lucas' filings where they are burdensome by virtue of volume and exceed permitted page limits, where they are not cogent or understandable (when given the generous latitude afforded pro se litigants), and where they misrepresent the law by citing nonexistent or utterly irrelevant cases. Here, that means striking the following pleadings made by Lucas:

(1) DEFENDANTS SKINGER AND LUCAS' ANSWER TO PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT OF MOTION TO DISMISS. ECF No. 7; and

(2) CO-DEFENDANT DR. LUCAS' MOTION TO RECUSE JUDGE ROBERT PAYNE, DISMISS SLAPP SUIT, AND RESCIND THE PERMANENT FEDERAL COURT BAN. ECF No. 9; and

(3) DEFENDANT ADVOCATE DR. LUCAS' RESPONSE TO THE SCHOOL BOARD'S OPPOSITION TO "MOTION TO RECUSE JUDGE ROBERT PAYNE, DISMISS SLAPP SUIT AND RESCIND THE PERMANENT FEDERAL COURT BAN." ECF No. 11; and

(4) DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION. ECF No. 22; and

(5) MOTION FOR RECONSIDERATION OF COURT'S APRIL 2, 2025 ORAL RULING; RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR

INJUNCTIVE RELIEF AND MOTION TO SEAL. ECF No. 88; <u>and</u>
(6) DEFENDANT'S PRO SE REPLY MEMORANDUM IN OPPOSITION OF
EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, OPPOSITION TO
PLAINTIFFS' MOTION (DOC. 77), DEMAND FOR SANCTIONS AND
DISMISSAL WITH PREJUDICE, NOTICE OF LEGAL OBJECTIONS, AND
RULE 83.1(M) GHOSTWRITING NOTICE. ECF No. 115.

However, it is obvious that Lucas intends to present some
defense to the claims made against her and to oppose the relief
sought in the COMPLAINT. And, she is a <u>pro se</u> litigant.
Accordingly, it is appropriate to allow Lucas to submit replacement
filings that are within applicable page limits set by Local Civil
Rule 7(F); that do not contain "redundant, immaterial,
impertinent, or scandalous matter," Fed. R. Civ. P. 12(f); that
are understandable; that contain no misrepresentations of cited
authority; that comply with the requirements of Fed. R. Civ. P. 8
and 10; and that do not violate this Court's multiple ORDERS that
instruct Lucas to not file "multipurpose pleading[s] (<u>e.g.</u>, a
single filing that contains both a brief and a motion, including
as attached exhibits), ECF No. 94; <u>Powhatan Cnty. Sch. Bd. v.
Halvorsen</u>, No. 3:24-cv-216, 2024 U.S. Dist. LEXIS 150086, at *8-9
(E.D. Va. Aug. 21, 2024) (ECF No. 26).

28

### III. CONCLUSION

For the foregoing reasons, ECF Nos. 7, 9, 11, 22, 88, and 115

were STRICKEN from the record.


It is so ORDERED.

                                   /s/
                        _____
                        Robert E. Payne
                        Senior United States District Judge


Richmond, Virginia
Date: June ___, 2025

29