IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

POWHATAN COUNTY SCHOOL BOARD,

    Plaintiff,

v.                         Civil Action No. 3:24-cv-874

TODD SKINGER AND
KANDISE LUCAS,

    Defendants.

## MEMORANDUM OPINION

Having considered DEFENDANT DR. KANDISE LUCAS' MOTION TO VACATE ORDER STRIKING FILINGS AND MEMORANDUM OPINION (ECF NO. 170) FOR VIOLATION OF DUE PROCESS, FIRST AMENDMENT RIGHTS, AND FEDERAL RULES OF CIVIL PROCEDURE, ECF No. 173 ("the MOTION"), and PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT KANDISE LUCAS' "MOTION TO VACATE ORDER STRIKING FILINGS AND MEMORANDUM OPINION (ECF NO. 170) FOR VIOLATION OF DUE PROCESS, FIRST AMENDMENT RIGHTS, AND FEDERAL RULES OF CIVIL PROCEDURE" (DKT. NO. 173), ECF No. 182 (the "RESPONSE BRIEF"), the MOTION will be DENIED for the reasons set forth below. Furthermore, the exhibits attached to that MOTION, ECF Nos. 173-1, 173-2, 173-3, 173-4, 173-5, and 173-6, will be STRICKEN from the record.

## I. BACKGROUND

On June 2, 2025, the Court issued a MEMORANDUM OPINION, ECF No. 170, and ORDER, ECF No. 171, that STRUCK six of Defendant Kandise Lucas' ("Lucas") filings in this action pursuant to its

authority under Fed. R. Civ. P. 12(f). ECF No. 170, at 4, 28. The MEMORANDUM OPINION explained the Court's reasoning for why striking those pleadings was necessary.

First, the Court found that the pleadings were laden with more than three dozen (forty-two (42) to be exact) of citations to nonexistent legal authorities that made it exceedingly difficult, and often impossible, to make sense of the contentions made therein, to assess the purported "support" for them, and properly to address them. Id. at 5-20. The Court concluded, based on the extensive nature of these nonsensical and nonexistent citations, and based on Lucas' admission on the record during an April Evidentiary Hearing, that she used generative artificial intelligence ("AI") programs to write substantial portions of her filings. The Court found that the nonexistent legal authorities cited by Lucas were likely "hallucinations" by these AI programs and, in fact, did not correspond with any existing caselaw or other legal authority. Id. at 23-26.

Second, the Court explained in detail how the stricken filings violated the Federal Rules of Civil Procedure as well as the Local Civil Rules of this District. Id. at 2-4, 20-23, 28. Across those filings, Lucas violated Fed. R. Civ. P. 8, 10, and 12, Local Civil Rule 7(F), and multiple ORDERS of the Court that required Lucas to cease her practice of filing confusing "multipurpose pleadings." ECF No. 170, at 28. At the same time, the Court took care to

explain these violations in an attempt to educate Lucas on the requirements of these Rules in the hope that she would henceforth comply with their requirements.

In making its findings and issuing its decision, the Court gave deference and leniency to Lucas' filings as is necessary due to her status as a <u>pro se</u> litigant. <u>Id.</u> at 27-28. Consequently, the Court did not impose sanctions on Lucas pursuant to Fed. R. Civ. P. 11(c), and, instead, permitted her leave to refile the stricken pleadings by June 23, 2025. <u>Id.</u>; ECF No. 171, at 2-3.[1]

## II. DISCUSSION

The MOTION begins with Lucas' request that the Court vacate ECF Nos. 170 and 171 pursuant to Fed. R. Civ. P. 59(e), 60(b)(1)-(6), and "the U.S. Constitution," generally. ECF No. 173, at 1. However, from then on, Lucas raises a litany of other unrelated arguments, makes a series of unsubstantiated allegations and assertions, and in no way presents anything more than bare conclusions, lacking anything in the way of reason or authorities in support, that purportedly support the relief that she seeks.

---

[1] Lucas had not filed substitute filings by that date. However, she did file what could be construed as replacement filings—at least as it relates to her response to the Plaintiff's preliminary injunction motions and her motion to dismiss the COMPLAINT—on June 27, 2025. ECF No. 187. In a STATUS CONFERENCE HEARING held on June 30, 2025, Lucas represented that a separate filing, ECF No. 180, which was filed June 16, 2025, represented the replacement filings for those stricken by the Court. The Court will consider those responses separately.

The Plaintiff's RESPONSE BRIEF, ECF No. 182, responds to Lucas' contentions. It argues that, not only does Lucas not present an argument according to the standards of Rule 59(e) or 60(b) that would support granting her such relief, but also explains why such relief is not appropriate here because the MEMORANDUM OPINION and ORDER are not properly contestable under these Rules in the first instance. ECF No. 182, at 2. Then, it argues that Lucas' constitutional claims are threadbare and lack any argumentative, evidentiary, or logical reasoning to support granting support on that ground. Id. Lastly, it disputes the remaining portions of her MOTION as irrelevant or simply incorrect.

### III. ANALYSIS

The relief that Lucas seeks through the MOTION is either not proper under the Federal Rules of Civil Procedure or unsupported by argument as to her constitutional claims. None of the additional arguments that she makes in her brief have merit either. Therefore, the MOTION will be DENIED.

Lucas is a pro se litigant. Pro se litigants lack the assistance of legal counsel. Therefore, they are "entitled to have their pleadings given a liberal construction." Rashad v. Jenkins, No. 3:15-cv-655, 2016 U.S. Dist. LEXIS 27879, at *8 (E.D. Va. Mar. 3, 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Notwithstanding the leniency that the Court

4

must accord the filings of <u>pro se</u> litigants, they too "are subject to the time requirements and respect for court orders," <u>Ballard v. Carlson</u>, 882 F.2d 93, 96 (4th Cir. 1989), as well as "procedural rules," <u>Cooper v. FedEx Ground Package Sys.</u>, No. 1:16-cv-547, 2017 U.S. Dist. LEXIS 20996, at *2-3 (E.D. Va. Feb. 14, 2017) (citations omitted), "without which effective judicial administration would be impossible." <u>Ballard</u>, 882 F.2d at 96. The Court assesses the MOTION according to the leniency that it must afford Lucas pursuant to her <u>pro se</u> status.

## A. The Rule 59(e) Argument

Lucas' first contention is that relief is warranted under Fed. R. Civ. P. 59(e). ECF No. 173, at 1. Other than a single mention in the first paragraph of the MOTION, however, she never again mentions Rule 59, its legal standard, or any argument, facts, or law to support the contention that she is entitled to relief under it. Rule 59(e) provides litigants the opportunity to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The MEMORANDUM OPINION, ECF No. 170, and ORDER, ECF No. 171, that she challenges were entered on June 2, 2025.[2] Lucas filed her MOTION

---

[2] Of course, it is the ORDER that operates as the decision. The MEMORANDUM OPINION explains the ORDER. Usually, a Rule 59(e) motion is addressed to an ORDER only. But Lucas seeks to have both the ORDER, ECF No. 171, and the MEMORANDUM OPINION, ECF No. 170, set aside. So, this MEMORANDUM OPINION addresses both.

on June 4, 2025. So, it is unquestionably timely under the Rule. However, neither the MEMORANDUM OPINION, nor the ORDER can be the subject of a Rule 59(e) motion.

For Lucas' MOTION to be proper under Rule 59(e), the MOTION must seek relief from a final judgment. The Rule does not provide the basis to challenge interlocutory orders. Fayetteville Investors v. Comm. Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 60(b) [is] not available for relief from an interlocutory order. Rule 59(e) is equally applicable only to a final judgment." (emphasis added)). A "judgment is final and appealable when the court enters a decision ending the litigation, leaving nothing to be done except the execution of the judgment." Bernstein v. Menard, 728 F.2d 252, 253 (4th Cir. 1984) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)); Kinsale Ins. Co. v. Jdbc Holdings, Inc., 31 F.4th 870, 874 (4th Cir. 2022).

The MEMORANDUM OPINION and ORDER did not "end[] the litigation," id., because they did not address the claims alleged in the COMPLAINT. Instead, those decisions addressed a separate issue—whether the Court should strike portions of, or the entirety of, filings made by Lucas in this matter. The Court's decision to strike Lucas' pleadings did not decide the merits of any of the claims against her. And, rather than "ending the litigation," those decisions explicitly permitted the litigation to continue by granting Lucas leave to file new versions of the stricken pleadings

6

to remedy the violations that the Court found pervaded their text. ECF No. 171. Therefore, ECF Nos. 170 and 171 were not final judgments from which Lucas can seek relief under Rule 59(e). The MOTION will be DENIED insofar as it seeks relief under Rule 59(e).

### B. The Rule 60(b) Argument

Lucas' second contention is that relief is warranted under Fed. R. Civ. P. 60(b)(1)-(6). Just as was the case in the contention under Rule 59(e), other than an initial mention in the first paragraph of the MOTION, ECF No. 173, at 1, Lucas does not mention Rule 60, its legal standard, or any argument, facts, or law to support her claim to relief under it.

Rule 60(b) provides litigants the opportunity to file a motion to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six reasons. Fed. R. Civ. P. 60(b)(1)-(6). By its plain text, Rule 60(b) requires that the litigant seek relief from a final judgment or order to receive its relief. Id.; Fayetteville Investors, 936 F.2d at 1469 ("Rule 60(b) [is] not available for relief from an interlocutory order." (emphasis added)). The MEMORANDUM OPINION, ECF No. 170, and ORDER, ECF No. 171, are interlocutory decisions that do not dispose of the case by "ending the litigation." Bernstein, 728 F.2d at 253. Therefore, Lucas cannot seek their vacatur under Rule 60(b). The MOTION will be DENIED insofar as it seeks relief under Rule 60(b).

7

## C. The Constitutional Argument

Lucas' last stated basis for relief is a nebulous claim that the Court's decisions, ECF Nos. 170, 171, somehow violated the United States Constitution. The MOTION does not seriously develop this argument anywhere. In two sentences, it contends that those decisions, ECF Nos. 170, 171, constitute "prior restraints" that infringe upon her First Amendment right to free speech. ECF No. 173, at 2 (referencing U.S. Const. amend. I). The MOTION also says that somehow the Court's correct statement that portions of Lucas' filings were "pejorative" demonstrates systemic discrimination in violation of NAACP v. Burton, 371 U.S. 415 (1963) and Legal Servs. Corp. v. Velazquez, 531 U.S. 533 (2001). The MOTION offers no explanation for why that might be so.

In no way do the Court's decisions in ECF Nos. 170 and 171 violate Lucas' First Amendment rights. To the extent that Lucas believes that they restrict her ability to speak, they do not. To the contrary, ECF Nos. 170 and 171 explicitly provide that Lucas may refile all of the filings that the Court STRUCK, so long as she does so properly according to the Federal Rules of Civil Procedure and the Local Civil Rules. And, they gave her three weeks to do so—an ample amount of time for anyone, even pro se litigants, to correct the issues therein. They allowed that lenient course notwithstanding the egregious nature of the errors and violations that the Court found permeated the stricken filings. Such leniency

8

is perhaps more than Lucas was due even under the <u>pro se</u> standard that applies here. Nonetheless, the Court determined that it was appropriate to permit Lucas to refile those stricken filings because of the seriousness of the consequences of striking them.[3] However, leniency cannot permit even a <u>pro se</u> litigant to avoid, abandon, or abstain from following time requirements, judicial orders, or procedural rules lest "effective judicial administration . . . be [rendered] impossible." <u>Ballard</u>, 882 F.2d at 96. The Court's response—striking Lucas' pleadings—was appropriate under the circumstances and did not violate Lucas' right to free speech. Therefore, the MOTION will be DENIED insofar as it seeks relief under the First Amendment.[4]

### D. The Other Arguments

Next, it is appropriate to briefly address the remaining arguments that Lucas interjects throughout the MOTION.

#### 1. The Absence of an Antecedent Show Cause Order

Lucas claims that the MEMORANDUM OPINION, ECF No. 170, and

---

[3] Indeed, by striking Lucas' Answer and motion to dismiss, ECF No. 7, the ORDER left Lucas open to potential Default had she not refiled those pleadings as instructed.

[4] Lucas also mentions that the Court's decisions in ECF Nos. 170 and 171 violated her Fifth Amendment rights somehow. She does so offhandedly in the last sentence of the MOTION without any explanation, evidence, support, or reason. The Court need not address such a bald assertion where nothing is stated to support it.

ORDER, ECF No. 171, were improperly entered because the Court did not first enter a show cause order and convene a hearing pursuant to Fed. R. Civ. P. 11(c)(1)-(3) before striking her pleadings. Therefore, she argues, the Court should vacate them. That argument demonstrates that Lucas misunderstands the basis upon which the Court issued its decisions, which was upon Rule 12(f), not Rule 11(c). As part of those decisions, the Court did not sanction Lucas pursuant to Rule 11. Instead, it STRUCK her pleadings pursuant to its authority under Rule 12(f)(1). That Rule does not require an antecedent show cause order.

### 2. The Artificial Intelligence Contention

Lucas next contends that:

> The Court's Findings on AI Usage and Fake Citations Are Unsupported . . . . The Court wrongly assumed that all contested citations were 'fabricated' due to use of generative AI. No forensic record exists to support this finding, and the Court denied Defendant the opportunity to verify or correct citations.

ECF No. 173, at 2. There are many things wrong with this unsupported assertion. To begin, it is unclear what Lucas means by "contested" citations. The citations that the Court found to not exist are not "contested." They simply do not exist. There is no contesting that fact because the Court checked each citation that was referenced in its MEMORANDUM OPINION, <u>exactly</u> as Lucas cited them (and through other research means), and could not find any citation that matched what Lucas cited. That research demonstrates

10

that the Court's findings are, in fact, supported rather than "[u]nsupported." Id.

Then, in no way did the Court "wrongly assume[]" that these citations to nonexistent legal authority were "'fabricated' due to the use of generative AI." Id. The Court meticulously checked every citation that it held did not exist in those decisions. Those decisions were not based on "assumptions" but, instead, on the fact that either (1) no case existed under the reporter citation, case name, or quotation that Lucas used, or (2) a case with the reporter citation did exist but was to an entirely different case than the one cited by Lucas and had no relevancy to the issues of this case. ECF No. 170, at 5-20. And, there was no incorrect assumption that those nonexistent legal authorities were generated, hallucinated, or fabricated by AI because Lucas admitted, on the record, to using AI when writing her filings with the Court. The fact that her citations to nonexistent legal authority are so pervasive, in volume and in location throughout her filings, can lead to only one plausible conclusion: that an AI program hallucinated them in an effort to meet whatever Lucas' desired outcome was based on the prompt that she put into the AI program. As the Court described in its MEMORANDUM OPINION, this is becoming an alarmingly prevalent occurrence common to AI programs. Id. at 23-26. It is exceedingly clear that it occurred here.

The MOTION next contends that the Court's findings were not

11

supported by a "forensic record." ECF No. 173, at 2. It is not clear what is meant by the term "forensic record." The MOTION does not define it. It is equally unclear _why_ such a record—whatever it is meant to be—would be necessary. The MOTION certainly does not explain why. And, most importantly, the MOTION does not explain the assertion that one is required. The MOTION points to no authority that states that a "forensic record" must be generated to support the Court's factual findings that Lucas cited to <u>forty-two (42)</u> instances of nonexistent legal authorities. The answer why she did not do so is clear: No such standard exists in the caselaw, any statute, the Federal Rules, Local Rules, or anywhere else. Her claim to the contrary is a red herring that need not be taken seriously.

The MOTION also complains that the Court did not give Lucas an "opportunity to verify or correct citations." <u>Id.</u>

Wholly apart from the fact that it is the litigant's (<u>pro se</u> or represented) burden to verify citations, there is no reason to have accorded Lucas the opportunity to verify because the problem was extensive and pervasive across at least six filings. Moreover, the Court actually did what should have been done before the MOTION was filed by determining that those citations do not exist. No further verification is necessary. And, after a diligent search, if the Court could not find the legal authorities that Lucas purported to rely upon and present as real and binding, it is a

folly to believe that Lucas' efforts at "correction" would have returned anything different. Further, she could have taken the opportunity in this MOTION to go through—citation by citation—and "verify" or "correct" them to demonstrate to the Court that its findings were, in fact, incorrect, rather than just baldly and without evidence claiming them to be so. She did not do that.

### 3. The Pro Se Standard and Retaliation Contentions

The MOTION contends that the Court did not afford Lucas the leniency owed to pro se litigants in reaching its decisions in ECF Nos. 170 and 171. The Court has explained that it has, in fact, considered Lucas' arguments with the leniency and understanding afforded to pro se litigants, supra, just as it does so again today. The plain text of ECF Nos. 170 and 171 demonstrate as much. So, that contention need not be addressed further.

Lastly, Lucas' claims that the Court retaliated against her in her role as a special advocate under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., are presented in two sentences here and do not warrant consideration as formulated.[5] Therefore, the Court, too, rejects that this argument can form any basis of relief from its decisions, ECF Nos. 170, 171.

---

[5] Lucas formulates this argument at greater length and in much more detail as part of additional motions before the Court, ECF Nos. 168, 169. The Court will address the argument in separate ORDERS that resolve those other motions.

### E. The Motion as a Request for Reconsideration

It would not be unreasonable to consider the MOTION as one seeking reconsideration of ECF Nos. 170 and 171. But, if that is what the MOTION seeks by way of relief, it fails on that score as well.

A motion for "reconsideration," in the traditional sense, derives from Fed. R. Civ. P. 54(b). Rule 54(b) states, in pertinent part, the following:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and <u>may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities</u>.

Fed. R. Civ. P. 54(b) (emphasis added). Pursuant to this Rule, a court may "revise an interlocutory ruling under Rule 54(b) upon a showing of '(1) substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" <u>Fed. Home Loan Mortg. Corp. v. Prudhomme</u>, No. 1:20-cv-125, 2021 U.S. Dist. LEXIS 263856, at *3 (E.D. Va. Mar. 11, 2021) (quoting <u>U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC</u>, 899 F.3d 236, 256-58 (4th Cir. 2018) (internal quotation marks and citation omitted)). By the plain terms of the Rule, a Rule 54(b) motion is proper and timely so long as the movant submits the motion prior to the Court having entered a final judgment as to "all the claims and the rights and liabilities of all the parties." Fed. R. Civ.

P. 54(b).

If considered as a motion for reconsideration under Rule 54(b), the MOTION is timely because, as explained supra, ECF Nos. 170 and 171 are not final judgments. They are interlocutory decisions from which Lucas can seek Rule 54(b) relief. And, the Court has not yet entered a final judgment that would end the litigation. Therefore, the MOTION can be construed as seeking reconsideration of those decisions. However, none of the three bases upon which Lucas can seek relief under Rule 54(b) are relevant here.

First, ECF Nos. 170 and 171 were entered on June 2, 2025. Less than two days later, Lucas filed the MOTION on June 4, 2025. The MOTION does not expressly assert, or indirectly imply, that any "substantially different evidence" was discovered or that "a change in applicable law," U.S. Tobacco Coop., 899 F.3d at 256-58, occurred in those approximately 48 hours that would warrant relief under Rule 54(b). Nor could Lucas seriously so claim. Furthermore, after a diligent search, the Court is aware of no new facts or any change of law that occurred during that two-day timeframe that would necessitate relief under this standard. Therefore, Rule 54(b) relief is not warranted on either the first or second prong of the legal standard.

Second, the MOTION does not provide any sufficient argument that demonstrates ECF Nos. 170 or 171 contained a "clear error

15

causing manifest injustice," id., to Lucas. The decisions, ECF Nos. 170, 171, thoroughly explained the reasons why the Court viewed it as necessary to STRIKE Lucas' pleadings. They were laden with citations to nonexistent legal authorities, did not comply with the Federal Rules of Civil Procedure or Local Civil Rules, and violated several prior ORDERS prohibiting her from filing "multipurpose pleadings." Notwithstanding that litany of violations, the Court STRUCK the pleadings without prejudice—allowing Lucas to refile all of those pleadings in a timely fashion. Whether she properly did, in fact, refile them was completely up to her and shall be addressed at a later time. Under these circumstances, none of the arguments in the MOTION, or the circumstances of the event, can support the conclusion that ECF Nos. 170 or 171 cause Lucas manifest injustice. Therefore, Rule 54(b) relief is not warranted under the third prong of the legal standard either.

Seeing as no proper legal basis exists that would support a Rule 54(b) motion for reconsideration, even if the MOTION can be so construed, the MOTION will be DENIED insofar as it seeks relief under Rule 54(b).

### F. Striking from the Record the MOTION's Exhibits

The Court has examined the exhibits attached to the MOTION, which total almost 150 pages, ECF Nos. 173-1, 173-2, 173-3, 173-4, 173-5, and 173-6, and it agrees with the Plaintiff that those

16

documents are an "irrelevant mix of documents including transcripts from a custody proceeding, information identifying minor children not involved in this case, email chains, guides to special education, and news articles." ECF No. 182, at 4 n.1. Because this information is of a "redundant, immaterial, impertinent, or scandalous matter," it will be STRICKEN from the record pursuant to the Court's authority under Fed. R. Civ. P. 12(f)(1).[6]

## CONCLUSION

For the foregoing reasons, the MOTION, ECF No. 173, will be DENIED, and the exhibits attached to the MOTION, ECF Nos. 173-1, 173-2, 173-3, 173-4, 173-5, and 173-6, will be STRICKEN from the record.

The Clerk shall send a copy of this MEMORANDUM OPINION and the accompanying ORDER to Lucas.

It is so ORDERED.

/s/    REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 2, 2025

---

[6] Exhibit ECF No. 173-7 is a certification pursuant to Local Civil Rule 83.1(M), which requires pro se parties to certify that no attorney prepared or assisted in the preparation of the attendant filing. That attachment is proper and so will not be stricken from the record.